UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RUSSELL GRANT FINNEGAN, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:25-CV-47-TLS-JEM |
| WARDEN, | |
| Respondent. | |

## OPINION AND ORDER

Russell Grant Finnegan, a prisoner without a lawyer, moves for a certificate of appealability. (ECF 18.) The court already denied him a certificate of appealability in the final order denying his habeas corpus petition. (ECF 14 at 8.) As outlined in that order, his only claim was procedurally defaulted, and he did not provide a meritorious basis for setting aside the default. (*Id.* at 1–8.) The present motion focuses on the merits of his claim that his federal due process rights were violated in the state criminal proceeding. (ECF 18.) However, the court did not reach the merits of this claim and instead denied the petition on a procedural ground. His argument does not convince the court that a certificate of appealability should issue.

He also reiterates his argument that he meets the actual innocence exception for setting aside the default. (ECF 18 at 6.) Finnegan's argument is quite nuanced. He does not dispute that he engaged in the conduct resulting in the criminal charge—sending several offensive letters to a judge who made adverse rulings against him despite express warnings to stop. His argument, in effect, is that he had mental health problems at the time of the offense, such that he should have been acquitted by reason of insanity. *See Britz v. Cowan*, 192 F.3d 1101, 1103 (7th Cir. 1999) (suggesting that evidence of insanity could satisfy actual innocence exception). The court fully

considered and rejected Finnegan's actual innocence argument in the final order. (ECF 14 at 6–7.) In the present motion, he argues in further support of the exception that he presented a "successful insanity defense" in another criminal case around the same time period. (ECF 18 at 6.) This is not accurate. The public docket in the case he points to reflects that he was found "guilty but mentally ill,"[1] which is significantly different than being acquitted on grounds of insanity. *See State v. Finnegan,* No. 66D01-2201-F6-0001 (Pulaski Sup. Ct. closed Dec. 9, 2024).

Furthermore, the court accepts that Finnegan may have suffered from some type of mental health problem during the period in question, as evidenced by his flagrant pattern of sending letters to state court judges containing "gratuitous profanity and insults" despite repeated warnings. *Finnegan v. State*, 201 N.E.3d 1186, 1191 (Ind. Ct. App. 2023).[2] However, the question for this court was whether he made a showing of actual innocence, which requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," in light of which "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Aside from making broad assertions, Finnegan does not present reliable evidence that would

---

[1] Under Indiana law, a verdict of guilty but mentally ill is essentially the same as a verdict of guilty. *See* Ind. Code § 35–36–2–5(a) (providing that a defendant found guilty but mentally ill is sentenced "in the same manner as a defendant found guilty of the offense"). The only difference is that a defendant found guilty but mentally ill must be "evaluated at the Department of Correction and treated as is psychiatrically indicated for the illness." Ind. Code § 35–36–2–5(c).

[2] During 2021, Finnegan sent a series of offensive and threatening letters to judges who issued rulings adverse to him. *Finnegan v. State*, 201 N.E.3d 1186, 1191 (Ind. Ct. App. 2023); *Finnegan v. State*, 206 N.E.3d 401 (Table), 2023 WL 2172347 (Ind. Ct. App. 2023) (observing that Finnegan sent multiple letters that "contained profane and threatening tantrums replete with sexism, racism, necrophilic ideations, and conspiracy theories"). Whatever his mental health issues, state records reflect that Finnegan is intelligent and has a nuanced understanding of criminal proceedings, as well as a history of gamesmanship. *See, e.g., Finnegan*, 201 N.E.3d at 1196 ("[E]ven while ostensibly asserting his speedy trial right, Finnegan pursued dilatory litigation tactics."); *Finnegan*, 2023 WL 2172347, at *2–3 (recounting how Finnegan alternately invoked his right to self-representation, requested appointment of counsel, fired counsel, and filed pro se motions while being represented by an attorney).

reasonably draw into question whether he was legally sane at the time of the offense. It is notable that a jury presented with evidence about Finnegan's mental health around this same period was not convinced that he was insane. *Finnegan,* No. 66D01-2201-F6-0001.[3] The court finds no basis to alter the prior ruling regarding a certificate of appealability. His motion will be denied.

He also moves for leave to proceed in forma pauperis on appeal. (ECF 19.) Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In this context, "good faith" does not mean that the litigant has subjectively good intentions. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Rather, "to sue in bad faith means merely to sue on the basis of . . . a claim that no reasonable person could suppose to have any merit." *Id.* In support of his motion, Finnegan argues that he was "denied fundamental due process" in the state proceeding. (ECF 19 at 1.) However, the court did not reach the merits of his due process claim because this claim was procedurally defaulted. As discussed above, his assertion of the actual innocence exception to excuse the default is unavailing. He has not identified a potentially meritorious argument for overturning the judgment, and the court concludes that his appeal is not taken in good faith.

For these reasons, the Finnegan's motions (ECF 18, 19) are DENIED.

SO ORDERED on October 3, 2025.

                                          s/ Theresa L. Springmann
                                         JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT

---

[3] It is also notable that in yet another criminal case prosecuted around this period, Finnegan testified at trial but did not raise any issue regarding his sanity; instead, he asserted a "necessity" defense to his violation of a no-contact order. *Finnegan v. State*, 224 N.E.3d 938 (Table), 2023 WL 6629596 (Ind. Ct. App. 2023).